IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Roberto Padial-Perez, et al.,

    Plaintiffs,

        v.

American Airlines, Inc., et al.,

    Defendants.

**Civil No. 15-1032 (SEC)**

**OPINION & ORDER**

Pending before the Court is Defendant American Airlines' motion for transfer of venue. See Docket # 24. For the reasons that follow, this motion is denied.

**I.    Background**

Plaintiffs Roberto Padial Pérez and his wife Florita Nogueras Ruiz purchased round-trip tickets through Defendant American Airlines to travel between San Juan and Chicago during the month of October, 2013. Before leaving for Chicago, Plaintiffs learned that Padial had a health issue that required a visit to his doctor in New York. Thus, Plaintiffs called the American Airlines customer service department hotline and inquired as to whether they could incorporate this change into their schedule.

As it turned out, the cheapest option for Plaintiffs was to fly from Puerto Rico to Chicago through American Airlines, book a separate flight from Chicago to New York through Jetblue, and fly back to San Juan from New York through American Airlines. Defendant's customer service representative told Plaintiffs that their request could be accommodated for a fee of $123.60, which Plaintiffs duly paid.

Plaintiffs flew to Chicago and then New York without incident. On the day of their return trip to Puerto Rico, Plaintiffs arrived at JFK Airport and went to American

Airlines' electronic terminal to register for their flight. Much to their surprise, the terminal refused to process their boarding passes.

Plaintiffs went to the customer service counter, where they were assisted by Marilyn Proffit, an American Airlines employee. She also had problems processing Plaintiffs' registration. After spending some time on the phone with headquarters, Proffit explained that Plaintiffs were unable to register for their flight due to an error committed by the customer service representative who had handled their original rescheduling request. She further informed Plaintiffs that they would have to pay an additional $158.20 per ticket to be able to board the plane. Plaintiffs balked at this additional charge, arguing that they should be allowed to board without further fees. Plaintiffs then spoke with a supervisor, H. De Lalue, who refused to consider their pleas and told them to pay the fee or "stay in New York City." The situation escalated, with De Lalue allegedly "shouting" at Plaintiffs and calling out for airport security. Feeling threatened, Plaintiffs agreed under protest to pay the additional fees and leave for Puerto Rico.

## II.     Standard of Law

Defendant moves the Court to transfer this case to the Eastern District of New York under 28 U.S.C. § 1404. Defendant contends that, on the balance, transfer is appropriate for the convenience of parties and witnesses, judicial and administrative economy, and that it is in the interest of justice. Plaintiff counters that the opposite is true, and that the Court should respect their original choice of forum.

District courts are authorized to transfer any civil action to any other district or division where it might have been brought, if the transfer is "in the interest of justice," and made for "the convenience of parties and witnesses." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). Compared to the other federal venue provisions, the analysis under § 1404(a)

presumes that the plaintiff's choice is proper. As a result, a movant under § 1404(a) bears the burden of showing that a transfer is not only appropriate, but preferable under the circumstances. Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000). Neither party disputes that venue is proper in both contested locations.

The § 1404(a) analysis starts with the consideration of the statutory elements: whether the transfer is "[f]or the convenience of parties and witnesses, [and] in the interest of justice." Coady, 223 F.3d at 11. Depending on the circumstances of each case, courts may – when relevant – consider a vast array of other factors that assist with this determination. Some of these, as the First Circuit has indicated, include: "the availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction." Id. citing Cianbro Corp. v. Curran–Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987). Still others are drawn from the age-old *forum non conveniens* doctrine, and comprise the relative congestion between the transferor and transferee district; the local interest in having localized interests decided at home; the familiarity of the forum with the law that will govern the case; and the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981).

**III.   Analysis**

Defendant argues that transfer is appropriate because 1) most of the party and non-party witnesses on the issue of liability reside near the Eastern District of New York; 2) the E.D.N.Y. is less congested than this Court; 3) most of the documents to be used at trial "originated or were created in New York;" and since the operative facts occurred in New York, 4) Plaintiffs' purported tort action would be based on New York law. The Court is not convinced.

i.   Convenience of parties and witnesses, and the location of documents

Defendant alleges that most of the witnesses in this case are located in New York. As such, Defendant argues that bringing all of them to Puerto Rico for any proceedings would be excessively costly and disruptive to American Airlines and its

employees. However, considering the equities in this case, the Court finds that this factor weighs against a transfer.

To start with, Defendant readily admits that its argument rests on a "preliminary assessment" of the witnesses that would be necessary for this lawsuit. See Docket # 24 at p. 7. Consequently, it cannot say with any certainty just how many of its employees would actually suffer inconvenience due to this litigation. Not only that, but Defendant also fails to provide an adequate description of "the nature, substance, or materiality of the testimony to be offered by the prospective witnesses;" neither does it "state generally what is expected to be proved by such witnesses." Myers v. Pan American World Airways, Inc., 388 F.Supp. 1024 (D.P.R.1974); Generadora de Electricidad del Caribe v. Foster Wheeler Corp., 30 F. Supp. 2d 196, 204 (D.P.R. 1998). In contrast, if Plaintiffs are to sustain their claims, they will most likely have to submit themselves to depositions. More to the point, if this case is not settled or dismissed, they will certainly be inconvenienced by having to attend trial far away from their home.

But this is not just a game of numbers. District courts in other circuits have found it appropriate to consider the "relative means of the parties" in deciding whether transfer is appropriate. See e.g. Randle v. Alexander, 960 F.Supp.2d 457, 485 (S.D.N.Y. 2013). It is obvious that Defendant would be able to sustain, pound for pound, a much greater inconvenience than Plaintiffs in this regard. As Plaintiffs' counsel shrewdly observes, Defendant's claim of inconvenience rings quite hollow given that they are an industry leader in air travel. This factor, arguably the most important one in this analysis, thus lies in Plaintiffs' favor. See Fteja v. Facebook, Inc., 841 F. Supp. 2d 829, 832-33 (S.D.N.Y. 2012)("The convenience of the forum for witnesses 'is probably considered the single most important factor in the analysis of whether a transfer should be granted.'")(citations omitted).

Defendant also argues that venue in New York is more convenient because most of the documents that would be used in this case "originated or were created in New York." See Docket 24 at p. 11. The Court declines to give this factor any weight.

With the advent of email and electronic filing, the physical location of a particular document is largely irrelevant. Also, it is not clear why the fact that a document was created in New York bears any relevance to this analysis.

    ii.    <u>Plaintiffs' choice of forum, and the applicable law</u>

A plaintiff's choice of forum is generally entitled to great deference. <u>Coady</u>, 223 F.3d at 11. This is especially true when the plaintiff sues in its home forum. Defendant says that this does not matter here because the forum chosen by the plaintiff holds little relation to their lawsuit. In Defendant's view, this action revolves around the alleged mistreatment suffered by Plaintiffs while at the American Airlines service counter at JFK. For this same reason, Defendant also contends that the applicable law is that of New York.

These arguments, of course, hinge on Defendant's belief that this is a tort action. But in their sur-reply, Plaintiffs <u>expressly reject</u> this reading of their complaint. In their words: "It is crystal clear that the main and only cause of action of Plaintiffs' complaint is undoubtedly based on the breach of a contract originated and executed in Puerto Rico." <u>See</u> Docket # 45 at ¶ 5. Taking at face value Plaintiffs' claim that the contract was executed in Puerto Rico, it is evident that Puerto Rico contract law would govern these proceedings. This would hold true even if the action were prosecuted in New York, as the district court there would have to apply choice-of-law principles to the claim.[1]

For these reasons, the Court finds that Plaintiffs' choice of forum, and the probable application of Puerto Rico law, strongly militates against a transfer in this case. While Defendant presses other arguments in favor of a transfer, such as the relative docket congestion of this district as compared to the E.D.N.Y., it is not necessary to address them. Under the circumstances of this case, the Court finds that

---

[1] This might be different if, for instance, the contract at issue contained a choice-of-venue provision. <u>See</u> <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988) (The presence of a forum-selection clause is "a significant factor that figures centrally in the district court's calculus."). But the record is silent on this issue.

the convenience of parties and witnesses, and the Plaintiffs' choice of forum, dwarf all other factors in importance, and require that Defendant's motion be denied.

## IV. Conclusion

The Court finds that venue is preferable in Puerto Rico as compared to the Eastern District of New York; Defendant's motion is therefore **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of March, 2016.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge